IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES ORLANDO JOHNSON      :

    v.         :   Civil Action No. DKC 12-2454
             Criminal Case No. DKC 09-0085

UNITED STATES OF AMERICA    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are motions filed by Petitioner James Orlando Johnson for a reduction of sentence (ECF No. 35) and to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 36).[1] The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, both motions will be denied.

---

[1] The motion papers docketed at ECF Nos. 35 and 36 are identical, but the docket entries suggest otherwise. Because a motion for reduction of sentence is a criminal motion properly brought pursuant to 18 U.S.C. § 3582(c)(2), the court will consider it separately from the § 2255 motion. Petitioner has also filed a motion seeking leave to file a supplemental memorandum in support of his § 2255 motion (ECF No. 50) and a motion for appointment of counsel (ECF No. 51). The motion to file supplemental memorandum – to advance an argument based on the recent decision of the Supreme Court in *Alleyne v. United States*, --- U.S. ----, 133 S.Ct. 2151 (2013) – will be granted, and the motion for appointment of counsel – to facilitate prompt resolution of his pending § 2255 motion – is rendered moot by this opinion and the accompanying order.

## I.  Background

On February 23, 2009, Petitioner was charged by indictment with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).  While on pretrial release, he was arrested in Virginia and charged by indictment in the United States District Court for the Western District of Virginia with identical offenses.  A superseding information filed on September 1, 2011, charged Petitioner with two counts of possession with intent to distribute cocaine base (counts one and three); using and carrying a firearm during and in relation to a drug trafficking crime (count two); and possession of a firearm by a felon (count four) based on both the Maryland and Virginia indictments.

On September 8, 2011, Petitioner entered into a written agreement with the government, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to waive indictment and venue and to plead guilty to all counts contained in the superseding information in exchange for "a sentence of 216 months (18 years) of imprisonment[,] . . . consist[ing] of [a] 132 months aggregate sentence as to Counts One, Three and Four, followed by 84 months as to Count Two, to run consecutive to the other

2

counts." (ECF No. 26, at 6).[2] Petitioner acknowledged his understanding that "the Court will determine a sentencing guidelines range for this case . . . pursuant to the Sentencing Reform Act of 1984" and that he would be "sentence[d] pursuant to the Sentencing Reform Act," taking into account the advisory guidelines range in establishing a reasonable sentence. (*Id*. at 4). The agreement contemplated that counts one, three, and four would be grouped, that the base offense levels for those counts was 22, and that the final offense level was 24. (*Id*. at 5-6). There was no agreement as to Petitioner's criminal history.

Attached to the plea agreement was a statement of facts, which set forth the circumstances related to the Maryland conduct, occurring on July 20, 2006; the Virginia conduct, occurring on August 3, 2010; and establishing that Petitioner was prohibited from possessing a firearm due to an April 2, 2007, conviction in the Circuit Court for Prince George's County, Maryland, for possession of cocaine, and that he knowingly possessed a firearm in relation at the time of the Virginia conduct. Petitioner separately signed the statement of facts, acknowledging that he had reviewed it and agreed that it was correct. (ECF No. 26-1).

---

[2] All references to page numbers in record citations are to those generated by the court's electronic case filing system.

At a Rule 11 hearing on September 20, 2011, Petitioner was advised of the charges contained in the superseding information; he acknowledged the rights he was required to forfeit by pleading guilty; and the court accepted his plea. On November 22, 2011, consistent with the written plea agreement, Petitioner was sentenced to a total term of imprisonment of 216 months – consisting of 66 months on count one, a consecutive 66-month term on count three, a concurrent 77-month term on count four (*i.e.*, a 132-month aggregate term as to counts one, three, and four), and a consecutive term of 84 months as to count two – to be followed by a five-year term of supervised release. (ECF No. 33). Petitioner did not file a notice of appeal.

On July 16, 2012, he filed the pending motion for reduction of sentence, arguing that, pursuant to the Supreme Court's decision in the consolidated cases of *Dorsey v. United States* and *Hill v. United States*, --- U.S. ----, 132 S.Ct. 2321 (2012), he is entitled to resentencing under the Fair Sentencing Act of 2010 ("FSA"). (ECF No. 35). One month later, Petitioner filed the pending motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, asserting a claim based on ineffective assistance of counsel. (ECF No. 36). The government responded, in effect to both motions, on April 15, 2013 (ECF No. 46), and Petitioner filed a reply on May 6, 2013 (ECF No. 47). On September 3, 2013, Petitioner filed a

4

supplemental memorandum, contending that, pursuant to the Supreme Court's decision in *Alleyne v. United States*, --- U.S. ----, 133 S.Ct. 2151 (2013), "[t]his court must rightfully exclude any enhancements as it relates to the 924(c) offenses and exclude any enhancement as it relates to the drug evidence in this case because the petitioner's superseding [information] did not contain any penalties as to the drug prohibited act." (ECF No. 50, at 5).

**II. Motion for Reduction of Sentence**

In *Dorsey* and *Hill*, 132 S.Ct. at 2335, the Supreme Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." As relevant here, the FSA, which became effective on August 3, 2010, changed the amount of cocaine base required for application of a mandatory five-year minimum sentence from 5 grams to 28 grams. *See* 21 U.S.C. § 841(b)(1)(B)(iii). Noting that his offenses took place prior to (and on) the effective date, Petitioner contends that he is entitled to resentencing because his "two drug crimes involved a total of 22 grams of crack cocaine, which is below the [threshold triggering the] 5 year minimum term now established by the FSA." (ECF No. 36-1, at 10). In opposing this motion, the government argues that "full effect was given to the FSA amendments at the time of the agreement and at sentencing" (ECF

No. 46, at 7) and, in any event, that a reduction of sentence is not authorized because Petitioner was sentenced pursuant to a plea agreement under Fed.R.Crim.P. 11(c)(1)(C).

Although the sentencing transcript has not been prepared, there is little reason to doubt that a post-FSA guidelines range was calculated and considered. The written plea agreement was entered after emergency guidelines amendments implementing the FSA's changes went into effect, *see* 75 Fed. Reg. 66188 (Oct. 27, 2010), and it references post-FSA base offense levels (ECF No. 26, at 5). Moreover, Petitioner was sentenced after the permanent guidelines amendments took effect on November 1, 2011, *see* 76 Fed. Reg. 41332-35 (July 13, 2011), and a July 31, 2012, memorandum of the probation department, which the government attaches to its opposition papers, reflects that he was considered for a sentence reduction and found not eligible because the drug quantity attributed to him "results in the same [base offense level]" (ECF No. 46-2).

Even if there was some error in calculating the applicable guidelines range, however, the court has no authority to reduce Petitioner's sentence because it was "based on" a written plea agreement pursuant to Rule 11(c)(1)(C). As the United States Court of Appeals for the Fourth Circuit recently explained:

> Resolution of the question raised here rests on the proper application of *Freeman v. United States*, --- U.S. ----, 131 S.Ct.

2685, 180 L.Ed.2d 519 (2011), to the case at hand. In *Freeman*, the Supreme Court held that a defendant sentenced in accord with Rule 11(c)(1)(C) . . . is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) if his sentence had been "based on" a Sentencing Guidelines range that had been lowered. But if the sentence was "based on" the agreement of the parties, the defendant is not eligible for a § 3582(c)(2) sentence reduction. The *Freeman* Court divided 4-1-4, with a plurality concluding that defendants who enter into Rule 11(c)(1)(C) pleas are not categorically barred from eligibility for a § 3582(c)(2) sentence reduction. Justice Sotomayor concurred in the judgment. Her opinion, narrower than that of the plurality, controls. *See United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011) (applying rule of *Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977) to find Justice Sotomayor's opinion in *Freeman* controlling), *cert. denied*, --- U.S. ----, 132 S.Ct. 1003, 181 L.Ed.2d 791 (2012).

Justice Sotomayor concluded that a defendant who pleads guilty in accordance with Rule 11(c)(1)(C) can demonstrate his sentence was "based on" a Guidelines range and so he is eligible to seek a plea reduction pursuant to § 3582(c)(2) only in two instances. The first is where the plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range." *Freeman*, 131 S.Ct. at 2697 (Sotomayor, J., concurring in the judgment). . .

. . . [The] second exception to the general rule that defendants making Rule 11(c)(1)(C) pleas are not eligible for § 3582(c)(2)'s reductions . . . applies when the plea agreement (1) "provide[s] for a specific term of imprisonment" and (2) "make[s] clear that the basis for the specified term is a Guidelines sentence

7

> range applicable to the offense" of conviction provided that "the sentencing range is evident from the agreement itself." 131 S.Ct. at 2697.

*United States v. Frazier*, 531 Fed.Appx. 308, 309-10 (4th Cir. 2013) (internal emphasis removed).

Here, Petitioner's written plea agreement did not "call for" him to be sentenced within a particular guidelines range, nor is such a range "evident from the agreement itself." Indeed, the plea agreement does not suggest a guidelines range, and could not have done so because there was expressly no agreement as to Petitioner's criminal history category. *See Frazier*, 531 Fed.Appx. at 310 (plea agreement was not based on guidelines range where it "disclaimed any agreement as to [the defendant's] criminal history or criminal history category") (citing *United States v. Rivera-Martinez*, 665 F.3d 344, 349 (1st Cir. 2011) ("silence about a criminal history category makes it impossible to conclude from the Agreement alone that the proposed sentence is based on a specific sentencing range"); *United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2010) (where an agreement "does not contain any information about [a defendant's] criminal history category . . . [the] sentence calculation exercise in *Freeman* . . . is impossible")); *see also United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011) ("The fact that the district court consulted the Guidelines in

establishing [the defendant's] specific sentence is irrelevant"). Rather, Petitioner's sentence was "based on," and identical to, the sentence specifically agreed to by the parties in the written plea agreement. Because "the plea agreement itself '[was] the foundation for the term of imprisonment' imposed,'" the court "lack[s] authority under § 3582(c)(2) to grant [a] motion for a reduced sentence." *Brown*, 653 F.3d at 340 (quoting *Freeman*, 131 S.Ct. at 2696).

**III. Motion to Vacate, Set Aside, or Correct Sentence**

    **A.    Standard of Review**

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law[.]" 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, "conclusively show[s] that the prisoner is entitled to no relief," the claims raised in the motion may be summarily denied. *See* 28 U.S.C. § 2255(b).

**B. Analysis**

Petitioner initially contends that his counsel rendered ineffective assistance because he "did not seek to have the sentences upon plea to Counts One and Three [*i.e.*, the drug charges under 21 U.S.C. § 841(a)(1)] [g]rouped and imposed as one sentence, as required under the Federal Sentencing Guidelines." (ECF No. 36, at 8). According to Petitioner, counsel's failure in this regard "manifested two lengthier and consecutive prison sentences, obviously prejudicing [him]." (*Id.*).

Claims of ineffective assistance of counsel are governed by the well-settled standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim under *Strickland*, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, Petitioner must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In the *Strickland* analysis, there exists a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *Strickland*,

466 U.S. at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must assess the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice could have resulted from some performance deficiency. *See Strickland*, 466 U.S. at 697.

Petitioner cannot establish his ineffective assistance claim because, even assuming his attorney's performance was somehow deficient, he cannot show prejudice where he received the exact sentence he bargained for in the written plea agreement. As noted, Petitioner's sentence was based on the parties' agreement, not on any specific guidelines range. Moreover, the sentence negotiated in the agreement conferred a substantial benefit upon Petitioner, as it allowed him to avoid a potential mandatory 25-year consecutive term that would have resulted, pursuant to 18 U.S.C. § 924(c)(i), if he had been tried and convicted of both firearm offenses. Tellingly, Petitioner does not argue that he did not understand the terms of the plea agreement, or that his plea was involuntary. "When a defendant challenges a conviction entered after a guilty plea, . . . [he] 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

11

and would have insisted on going to trial.'" *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Petitioner has not made the requisite showing here, nor could he.

Petitioner further contends, in his supplemental memorandum, that the imposition of a mandatory minimum seven-year term for his conviction pursuant to 18 U.S.C. § 924(c) – *i.e.*, applicable only if a firearm is "brandished" – and any finding regarding drugs amounts attributable to him run afoul of *Alleyne*, 133 S.Ct. at 2155, which extended the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to apply to statutory minimum penalties because "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury." This argument is unpersuasive for several reasons. First, insofar as *Alleyne* is based on *Apprendi*, it likely does not apply retroactively on collateral review. *See Tate v. United States*, Nos. 3:13-cv-00293-MOC, 3:00cr137, 2014 WL 340381, at *4-5 (W.D.N.C. Jan. 30, 2014) (collecting cases). Even if it did, in this case, the facts upon which the court relied were admitted by Petitioner himself. In the statement of facts attached to the written plea agreement, Petitioner agreed that, during the course of the Maryland conduct, he was "holding a small plastic bag later determined to contain 5.06 grams of crack cocaine" and that, during a subsequent foot chase, he

12

"stopped, picked up the firearm, turned toward the officer, and brandished and pointed the firearm at the officer." (ECF No. 26-1, at 1). He also agreed that, during the Virginia conduct, he possessed "a plastic bag containing 17.097 grams of crack cocaine" and that he "subsequently signed an affidavit admitting that the crack cocaine . . . belonged to him." (*Id.*). "*Alleyne*'s rule that facts that increase mandatory minimum sentences must be submitted to the jury cannot help a defendant who admitted to those facts." *United States v. Davis*, Criminal Action No. 07-357, 2013 WL 5674134, at *5 (E.D.La. Oct. 16, 2013) (internal marks omitted)). Finally, it is unclear how *Alleyne* could apply in the context of a plea pursuant to Fed.R.Crim.P. 11(c)(1)(C), where the sentence agreed to by the parties is later imposed. *See Shelby v. United States*, No. CV 13-5216 (MAN), 2013 WL 6910416, at *4 n. 3 (C.D.Cal. Dec. 31, 2013) ("*Alleyne* is inapplicable to a sentence such as that received by Petitioner, namely, one that was imposed pursuant to Rule 11(c)(1)(C) and the parties'[] stipulated plea agreement"). Accordingly, Petitioner's argument in this regard must fail.

### C. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability

13

is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

Upon review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, it will decline to issue a certificate of appealability.

## IV. Conclusion

For the foregoing reasons, Petitioner's motions for reduction of sentence and to vacate, set aside, or correct sentence will be denied. A separate order will follow.

```
        _____/s/_____
        DEBORAH K. CHASANOW
        United States District Judge
```